**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01984-REB

WILDEARTH GUARDIANS, and
GRAND CANYON TRUST,

      Plaintiff,

v.

SALLY JEWELL, in her official capacity as Secretary of the U. S. Department of the
Interior,
UNITED STATES BUREAU OF LAND MANAGEMENT, and
UNITED STATES FOREST SERVICE,

      Federal Defendants.

---

**ORDER GRANTING MOTION FOR CHANGE OF VENUE**

---

**Blackburn, J.**

The matter before me is **Respondents' Motion To Transfer Action To The
District of Utah** [#9][1] filed November 20, 2015.  The respondent filed exhibits [#10] in
support of the motion.  The petitioner filed a response[#16].   I grant the motion.

**I.  JURISDICTION**

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and
under 5 U.S.C. §§ 701 - 706 (administrative procedures act).

**II.  STANDARD OF REVIEW**

Title 28 U.S.C. § 1404(a) contemplates that "[f]or the convenience of the parties
and witnesses, in the interest of justice, a district court may transfer any civil action to

---

[1]   "[#9]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

The district court is vested with considerable discretion in determining whether transfer

is appropriate.  ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515

(10th Cir. 1991).  Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses
> and other sources of proof, including the availability of
> compulsory process to insure attendance of witnesses; the
> cost of making the necessary proof; questions as to the
> enforceability of a judgment if one is obtained; relative
> advantages and obstacles to a fair trial; difficulties that may
> arise from congested dockets; the possibility of the existence
> of questions arising in the area of conflict of laws; the
> advantage of having a local court determine questions of
> local law; and, all other considerations of a practical nature
> that make a trial easy, expeditious and economical.

***Id***. at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir.

1967)).  The movant bears the burden of establishing that the existing forum is

inconvenient.  ***Chrysler Credit***, 928 F.2d at 1515.  This is a heavy burden, ***Texas Gulf***

***Sulphur Co.***, 371 F.2d at 148, and "unless the balance is strongly in favor of the

movant the plaintiff's choice of forum should rarely be disturbed," ***Scheidt v. Klein***, 956

F.2d 963, 965 (10th Cir. 1992) (internal quotations omitted); ***see also Cargill Inc. v.***

***Prudential Ins. Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III.  BACKGROUND

This case presents a challenge under the Administrative Procedures Act (APA)

to (1) a decision of the United States Bureau of Land Management (BLM) to approve

issuance of a federal coal lease underlying part of the Manti-LaSal National Forest in

Utah; and (2) a decision of the United States Forest Service (USFS) consenting to

issuance of the lease.  These decisions authorize expansion of the Skyline Mine onto a

tract of land known as the Flat Canyon.  The petitioner claims these decisions violate

both the National Environmental Policy Act and the Mineral Leasing Act.  Among other

things, the petitioner claims the respondents failed to update the environmental impact

statement for the lease before approving the lease

The respondents seek transfer of this case to the United States District Court for

the District of Utah.  The land at issue in this case is located entirely within the borders

of the state of Utah.  Most of the state and federal agency approvals and concurrences

at issue in this case have occurred or will occur in Utah.  According to the respondents,

the environmental and economic impacts of expanded mining on the tract of land in

question will be felt in Utah.  The petitioner contends the impacts of expanded coal

mining on the tract will be felt more broadly.

## IV.  ANALYSIS

The parties agree that this case could have been brought in multiple districts,

including Utah or Colorado.  Aside from the three factors discussed below, I find and

conclude that the other factors are either a wash or are irrelevant.

A.  Plaintiffs' choice of forum.  Generally, the forum chosen by the plaintiff is

given substantial deference when determining whether transfer is appropriate.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

However, the forum selection of the plaintiff receives less deference if the plaintiff does

not reside in the district. *Id*.  In addition, the forum chosen by the plaintiff is given little

weight when the facts giving rise to the litigation have no material relation or significant

connection to the forum chosen by the plaintiff. *Id*.

Plaintiff WildEarth Guardians is based in Santa Fe, New Mexico, and has offices

in Denver, Colorado, and other western states.  Plaintiff Grand Canyon Trust is

headquartered in Flagstaff, Arizona, and has offices in Utah and Colorado.  The

defendants, agencies of the United States government, have offices in Colorado, Utah, and other states.

The defendants contend the facts giving rise to this suit have little connection to Colorado, but a significant connection to Utah.  In the view of the defendants, this lawsuit concerns land management decisions in Utah and not in Colorado.  The plaintiffs contend that such a view is too insular.  According to the plaintiffs, the environmental impacts of burning coal mined in Flat Canyon will burden Colorado and other states as much as Utah.

The plaintiffs argue that the chief cost for all parties is likely to be the time and expenses of their attorneys.  Yet none of the attorneys who have entered an appearance in this case live or work in Utah.  Generally, I find that the location and convenience of counsel, as opposed to the parties, carries little if any weight in the analysis.  ***See Friends of the Norbeck v. U.S. Forest Service***, 2010 WL 4137500, at *4 (D. Colo. 2010).  This is particularly true in a case which likely will be resolved based on the administrative record and the briefs of the parties.

Given these circumstances, I find and conclude that the choice of forum of the plaintiffs carries little weight in the § 1404 analysis.  The plaintiffs have offices in Colorado, but are not headquartered in Colorado.  More important, the land use decisions in question are decisions about land use in Utah, not Colorado.  Assuming the plaintiffs are correct that the environmental impacts of burning Flat Canyon coal will be felt outside of Utah, the fact remains that the primary impact of the challenged decisions will be, literally, on the ground in Utah.

B.  Accessibility of witnesses and other sources of proof.  The defendants note that, under the APA, this case will be reviewed based on the administrative record.

4

Nothing indicates that there will be a need for witnesses or other sources of proof in this case aside from briefing and the administrative record.  I find that this factor carries no weight in the § 1404 analysis.

> C.  Advantage of having a local court determine local controversies.

Generally, "[t]here is a local interest in having localized controversies decided at home."  **Gulf Oil Corp. v. Gilbert**, 330 U.S. 501, 509 (1947) (applying *forum non conveniens*).  The **Chrysler Credit** court describes the local interest factor in the § 1404 analysis as "the advantage of having a local court determine questions of local law."  **Chrysler Credit**, 928 F.2d at 1516.  I find that the local interest factor is broader than just questions of local law.  This factor encompasses the important interest in having local controversies decided where the controversy exists.

The § 1404 transfer analysis and the common law *forum non conveniens* analysis are substantially similar.  **See, e.g., In re Volkswagen of America, Inc.**, 545 F.3d 304, 314 (5th Cir. 2008).   Section 1404 was drafted in accordance with the doctrine of *forum non-conveniens*, but Congress intended a revision of the doctrine rather than a simple codification of the doctrine.  **Piper Aircraft Co. v. Reyno**, 454 U.S. 235, 253 (1981).  As compared to *forum non conveniens*, § 1404 provides a more relaxed standard for transfer and permits the district court greater discretion to transfer.  *Id*.  The local interest in having localized controversies decided at home remains a relevant factor in the § 1404 analysis.  **See, e.g., In re Volkswagen**, 545 F.3d at 315; **In re TS Tech USA Corp.**, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

As discussed above, this case is about mining in Utah.  Even if the impacts of this mining may spread to Colorado and other states, the most direct and unique impact of the mining at issue unquestionably will be in Utah.  Given these facts, I find that this

factor weighs strongly in favor of transfer to Utah.

D.  Conclusion.  The local interest in having localized controversies decided at home weighs more heavily in the analysis than does the choice of forum of the plaintiffs. All other factors are a wash or are irrelevant.  Thus, on balance, the relevant factors weigh strongly in favor of a transfer to the district of Utah.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Respondents' Motion To Transfer Action To The District of Utah** [#9] filed November 20, 2015, is granted; and

2.  That this case is transferred to the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101.

Dated March 1, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

6