IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and GRAND CANYON TRUST,<br><br>        Plaintiffs,<br>v.<br><br>SALLY JEWELL, in her official capacity as Secretary of the U.S. Department of the Interior, UNITED STATES BUREAU OF LAND MANAGEMENT, and UNITED STATES FOREST SERVICE<br><br>        Defendants,<br><br>and<br><br>STATE OF UTAH<br><br>        Intervenor<br><br>CANYON FUEL COMPANY, LLC<br><br>        Intervenor. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO INTERVENE BY THE STATE OF UTAH AND CANYON FUEL COMPANY**<br><br>Case No. 2:16-cv-00168-DN<br><br>District Judge David Nuffer |

      In separately filed motions, the State of Utah ("Utah") and Canyon Fuel Company, LLC ("CFC") (collectively "Intervenor Parties") move to intervene in the action between WildEarth Guardians, LLC and Grand Canyon Trust ("Plaintiffs") and Sally Jewell, in her official capacity as U.S. Secretary of the Interior, the United States Bureau of Land Management, and the United States Forest Service (together "Federal Defendants"). They seek to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively pursuant

to Rule 24(b).[1] After careful review and consideration of the parties' supporting memoranda, the Motions to Intervene are GRANTED for the reasons set forth below.

Background ........................................................................................................................ 2
    a. Factual History ...................................................................................................... 2
    b. Procedural History ................................................................................................ 4
Discussion ......................................................................................................................... 5
    a. The State of Utah and Canyon Fuel Company hold significantly protectable interests relating to the validity of the Flat Canyon Lease. ...................................... 6
        1. Utah Holds a Significantly Protectable Interest ..................................... 6
        2. CFC Holds A Significantly Protectable Interest .................................... 8
    b. The outcome of this action may impair the Intervenor Parties' ability to protect their interests. ................................................................................................................. 8
    c. The existing parties might not sufficiently protect the interests of the intervening parties. .................................................................................................................... 9
Order ............................................................................................................................... 12

## BACKGROUND

### a. Factual History

On March 18, 1998, CFC, at the time a subsidiary of Arch Coal, filed with the United States Bureau of Land Management ("BLM") a coal lease application for the Flat Canyon tract underlying the Manti-La Sal National Forest.[2] The Flat Canyon tract is adjacent to the existing Skyline Mine in Sanpete County, Utah and the Flat Canyon Lease was intended to expand the Skyline Mine and extend its life.[3] Accordingly, in 2000-2001 BLM and the United States Forest Service ("USFS") prepared a draft Environmental Impact Statement, held a public hearing, and

---

[1] Motion to Intervene of the State of Utah and Memorandum in Support of the Motion to Intervene of the State of Utah ("Utah Motion to Intervene"), docket nos. 19 and 20, filed February 10, 2016; Canyon Fuel Company's Motion to Intervene and Memorandum in Support ("CFC Motion to Intervene"), docket no. 34, filed March 23, 2016.

[2] Petition for Review of Agency Action ("Complaint") at 8, docket no. 1, filed September 11, 2015; CFC Motion to Intervene at 2.

[3] Complaint at 8; Utah Motion to Intervene at 2; Plaintiffs' Combined Opposition to Motions to Intervene Filed by the State of Utah and Canyon Fuel Company ("Opposition") at 5, docket no. 48, filed April 18, 2016.

2

finalized the Environmental Impact Statement.[4] BLM issued a decision in 2002 authorizing the lease sale, and USFS signed—but did not transmit—a Record of Decision consenting to the lease sale.[5]

Shortly after the 2002 authorization, CFC and Arch Coal requested an indefinite hold on the leasing decision.[6] USFS's consent was never transmitted and BLM did not implement the leasing decision.[7]

In 2012, CFC and Arch Coal sought again to lease the Flat Canyon tract.[8] USFS determined, based on the intervening 10 years since the Environmental Impact Statement, to complete a Supplemental Information Report evaluating whether any changed circumstances or new information merited notice.[9] In 2013 USFS issued a Supplemental Information Report to the effect that the 2002 Statement remained valid without supplement and consented to issuance of the Flat Canyon Lease.[10] In 2013, Bowie Resources acquired CFC.[11]

In 2015, BLM also determined that the 2002 environmental analysis remained adequate and valid and moved forward with the lease sale for the Flat Canyon Lease.[12] The auction for the Flat Canyon Lease took place on June 17, 2015, and CFC, under Bowie Resources, acquired the Flat Canyon Lease on July 31, 2015.[13]

---

[4] Complaint at 8; Opposition at 5.

[5] Complaint at 8; CFC Motion to Intervene at 2-3; Opposition at 5.

[6] CFC Motion to Intervene at 3; Opposition at 6.

[7] Complaint at 9-10; Opposition at 5.

[8] CFC Motion to Intervene at 3; Opposition at 6.

[9] Complaint at 10; Opposition at 6.

[10] Complaint at 10; CFC Motion to Intervene at 3; Opposition at 6.

[11] Opposition at 4.

[12] Complaint at 10; Utah Motion to Intervene at 3; CFC Motion to Intervene at 3; Opposition at 6-7.

[13] Complaint at 11; CFC Motion to Intervene at 3; Opposition at 7.

**b. Procedural History**

On September 11, 2015, Plaintiffs filed suit in the District of Colorado challenging BLM's issuance of the Flat Canyon Lease and USFS's consent to the issuance of the Flat Canyon Lease.[14] Plaintiffs assert that Federal Defendants relied on a 15 year-old environmental analyses, failed to analyze air quality and climate impacts of expanded coal mining, and failed to comply with the National Environmental Policy Act ("NEPA"), the Mineral Leasing Act ("MLA"), and the Administrative Procedure Act ("APA") in issuing the Flat Canyon Lease.[15] Plaintiffs seek invalidation of the Flat Canyon lease, among other relief.[16]

On November 20, 2015, Federal Defendants moved to transfer to the District of Utah, delaying response to Plaintiffs' Petition for Review.[17] On February 2, 2016 the parties moved to stay proceedings until April 1, 2016 to allow for settlement negotiations.[18]

On February 10, 2016, Utah moved to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) or permissively under Fed. R. Civ. P. 24(b)(1)(B).[19] Utah seeks intervention based on its economic and regulatory interests in Utah coal mining generally and in the validity of the Flat Canyon Lease as it pertains to the future of the Skyline Mine in Sanpete County, Utah.[20]

On March 1, 2016, the District of Colorado granted Federal Defendants' Motion to Transfer to Utah and the case was transferred.[21]

---

[14] *See* Complaint.

[15] *Id*. at 2.

[16] *Id*. at 30.

[17] Respondents' Motion to Transfer Action to the District of Utah, docket no. 9, filed November 20, 2015.

[18] Joint Motion for Stay of All Proceedings, docket no. 18, filed February 2, 2016.

[19] Utah Motion to Intervene.

[20] *Id*.

[21] Order Granting Motion for Change of Venue, docket no. 21, filed March 1, 2016.

On March 23, 2016, CFC moved to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) or permissively under Fed. R. Civ. P. 24(b)(1)(B).[22] CFC, as the current leaseholder of the Flat Canyon Lease and the owner of the existing Skyline Mine, asserts an interest in the outcome of this action and seeks to intervene on the basis of that interest.[23]

On March 24, 2016, Plaintiffs filed a stipulated motion to stay briefing and consideration of CFC's Motion to Intervene under the terms of the parties' original Motion to Stay the case until April 1, 2016.[24] The stipulated motion to stay was granted April 7, 2016.[25]

On April 18, 2016, Plaintiffs submitted their combined brief in opposition to Utah's and CFC's Motions to Intervene.[26] Plaintiffs oppose both interventions, asserting that the Intervenor Parties failed to properly establish intervenor status.[27]

CFC filed its Reply in Support of Motion to Intervene on May 2, 2016[28] and Utah filed its Reply Memorandum in Support of Motion to Intervene on May 3, 2016.[29]

## DISCUSSION

Federal Rule of Civil Procedure 24(a)(2) mandates that a court, upon timely motion,

> *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

---

[22] CFC Motion to Intervene.

[23] *Id*.

[24] Stipulated Motion to Stay Briefing and Consideration of Canyon Fuel Company's Motion to Intervene, docket no. 37, filed March 24, 2016.

[25] Order Granting Stipulated Motion to Stay Briefing and Consideration of Canyon Fuel Company's Motion to Intervene, docket no. 45, filed April 7, 2016.

[26] Opposition.

[27] *Id*. at 2.

[28] Canyon Fuel Company's Reply in Support of Motion to Intervene ("CFC Reply"), docket no. 50, filed May 2, 2016.

[29] State of Utah's Reply Memorandum in Support of Motion to Intervene ("Utah Reply"), docket no. 52, filed May 3, 2016.

ability to protect its interest, unless existing parties adequately represent that interest.[30]

The parties do not dispute timeliness of the Intervenor Parties' Motions to Intervene.

### a. The State of Utah and Canyon Fuel Company hold significantly protectable interests relating to the validity of the Flat Canyon Lease.

To intervene as of right pursuant to Rule 24, a party's claimed interest must be "significantly protectable."[31] The Tenth Circuit evaluates Rule 24(a) motions liberally and practically,[32] focusing on the real-world impact of a court's action on the party's interest.[33] The overriding factor should be the practical effect on the movant, and courts weigh the strength of the movant's interest and the potential risk to that interest to determine whether intervention is justified.[34]

### 1. Utah Holds a Significantly Protectable Interest

Utah argues that the Skyline Mine, the life of which the Flat Canyon Lease would extend, is a significant stream of revenue for the state.[35] Citing the speculative nature of Utah's future revenue from the Flat Canyon Lease, Plaintiffs deny that Utah has sufficiently proven it has a protectable interest in this action.[36] Rule 24(a)(2) intervention as of right, though it "cannot rely on an interest that is wholly remote and speculative, . . . may be based on an [economic] interest that is contingent on the outcome of the litigation."[37] Intervention in suits challenging federal

---

[30] Fed. R. Civ. P. 24(a)(2)(emphasis added).

[31] *Donaldson v. U.S.*, 400 U.S. 517, 531 (1971).

[32] *See, e.g.*, *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[33] *See Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1344 (10th Cir. 1978); *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246 (10th Cir. 2001).

[34] *See San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007).

[35] Utah Motion to Intervene at 2; Utah Reply at 2-3.

[36] Opposition at 2.

[37] *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162. (8th Cir. 1995); *see also Utahns for Better Transp. v. U.S. Dept. of Transp.*, 295 F.3d 1111, 1115-16 (10th Cir. 2002).

agency land actions is often permitted for states, cities, and counties that derive various types of revenue from use of natural resources in their borders, whether they own the land or not.[38] Plaintiffs have not provided case law to the contrary, nor have they pointed to any case holding an intervenor's claimed economic interest too speculative to support intervention. Utah's expected revenue from the Skyline Mine's expansion into the Flat Canyon lease is an economic interest meriting intervenor status.

Utah also asserts a sovereign regulatory interest in regulating mining activity in its borders.[39] Plaintiffs point out that Utah's regulatory interest in the Skyline Mine is not at issue in this federal NEPA, MLA, and APA review and that Utah had no role in the issuance of the Flat Canyon Lease. The Tenth Circuit, in evaluating a Rule 24(a) motion measures "[t]he movant's claimed interest . . . in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[40] In *WildEarth Guardians v. National Park Service*, also a NEPA action, the intervening party's interest was solely in the use and enjoyment of wildlife and other environmental concerns.[41] The intervening party had no specific role in the approval or adoption of the elk management plan at issue in the case aside from submitting written comments to the National Park Service during its deliberations. The court nonetheless granted intervention.[42] Utah has provided factual and legal support sufficiently alleging that it did provide assistance in the Flat Canyon lease application process. Further, Utah's general regulatory authority in federal coal mining and leasing is sufficiently intertwined with Federal Defendants' roles to justify intervention for the purposes of

---

[38] See 73 A.L.R. Fed. 448 (1985).

[39] Utah Motion to Intervene at 2.

[40] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1198.

[41] *Id*. at 1198-99.

[42] *Id*. at 1194.

the inclusive Rule 24(a)(2).[43] Plaintiffs' suit addresses only the Federal Defendants' decision, but this does not erase Utah's role in the evaluation of CFC's lease application before the Lease's issuance.[44]

## 2. CFC Holds A Significantly Protectable Interest

CFC claims an interest in the validity of the approvals for its Skyline Mine, including the mine's expansion into the Flat Canyon tract.[45] Plaintiffs argue that CFC has not demonstrated that a coal lease may be considered a legal interest.[46] Rule 24 hinges on practical interests and not solely legal interests.[47] Plaintiffs further argue that CFC has failed to demonstrate that delaying issuance of the Flat Canyon Lease would threaten Skyline Mine's operations.[48] The record is clear that the Flat Canyon Lease will impact the future of Skyline mine.Even if the Skyline Mine can survive without the Lease, CFC's interest in the Lease's adequacy is sufficient to satisfy the interest element of Rule 24(a) intervention as of right.

### b. The outcome of this action may impair the Intervenor Parties' ability to protect their interests.

Rule 24(a)'s second element – impairment – is evaluated as a practical matter[49] and presents a minimal burden.[50] Despite Plaintiffs' argument that Utah's interests are too attenuated to be under threat, Utah has demonstrated that an unfavorable disposition of this case, as a

---

[43] Utah Reply at 3 (It appears Utah mistakenly cited 30 CFS 950.20 State-Federal Cooperative Agreement [Wyoming] when it meant to cite 30 CFS 944.30 State-Federal Cooperative Agreement [Utah].).

[44] *Id*.

[45] CFC Motion to Intervene at 6.

[46] Opposition at 12.

[47] *WildEarth Guardians v. Nat'l Park Serv*., 604 F.3d at 1198.

[48] Opposition at 12.

[49] Fed. R. Civ. P. 24(a)(2).

[50] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d at 1253. ("[T]he court is not limited to consequences of a strictly legal nature. To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.")(internal citations omitted).

practical matter, might impair its economic and regulatory interest in the Skyline Mine's future operations.[51] Invalidating the Flat Canyon Lease could call into question the reasonable expectations of both Intervenor Parties in the future of operations at the Skyline Mine. Plaintiffs bring this action specifically because they seek a more careful consideration of coal mining's environmental effects,[52] and a court decision "would return the issue to the administrative decision-making process." In the Tenth Circuit this has been sufficient impairment to justify intervention..[53]

Further, the Tenth Circuit has specifically noted that potential impairment is sufficient; certain impairment need not be shown.[54] The *stare decisis* effect of a judgment may be considered impairment.[55] Both Intervenor Parties may experience impairment of their ability to protect their interests if this action results in invalidation of the Flat Canyon leasing decision.

**c. The existing parties might not sufficiently protect the interests of the intervening parties.**

The burden on an intervening party to show inadequate representation of interests is minimal.[56] The "possibility of divergence of interest need not be great,"[57] but does require the movants to provide "specific reasons which would explain why [an intervenor's] representation would be superior to [existing parties'] representation."[58]

---

[51] Utah Reply at 4-5.

[52] *See* Complaint.

[53] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1199 (internal citations omitted).

[54] *Id*.

[55] *Nat. Res. Def. Council,* 578 F.2d at 1345.

[56] *Tri-State Generation and Transmission Ass'n v. N. M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015)(citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).

[57] *Coal. Of Az./N.M. Ctys for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir.1996)(quoting *Nat. Res. Def. Council,* 578 F.2d at 1346); *see also Utahns for Better Transp.*, 295 F.3d at 1117.

[58] *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir.1993).

Utah cites specifically its economic interests—revenue from continued operation of the Skyline Mine and jobs for residents from the continued operation of the mine—as divergent from Federal Defendants' interest in the public welfare.[59] Plaintiffs correctly point out, however, that Intervenor Parties' and the Federal Defendants' specific *objectives* in this action, namely defending the Flat Canyon leasing decision, will of necessity be the same.[60]

Recent Tenth Circuit case law on intervention, *Tri-State Generation and Transmission Association v. N. M. Public Regulation Commission*,[61] differentiates between divergent interests and divergent objectives. In a Rule 24(a) motion, when movant's and existing parties' interests differ but their objectives in litigation are identical, the presumption is that the representation will be adequate.[62] Applying that presumption, courts must consider Rule 24(a) motions with practical, fact-specific judgment and "be careful not to paint with too broad a brush" in their evaluation.[63]

The factual circumstances of this case overcome *Tri-State*'s presumption of adequacy. The intensity of motivation, not just the bare objectives of a party's advocacy, is relevant to a fair determination of adequacy. In *Tri-State*, the existing parties and the proposed intervenor had equal motivation to achieve the most favorable outcome (including a direct economic stake in the relief granted). But in this case, the parties' divergent interests might lead to widely divergent zealousness of defense. Federal Defendants are in the process of re-evaluating federal coal-

---

[59] Utah Motion to Intervene at 9; Utah Reply at 6.

[60] Opposition at 13.

[61] *Tri-State Generation and Transmission Ass'n.*, 787 F.3d 1068.

[62] *Id.* at 1073.

[63] *San Juan County*, 503 F.3d at 1199.

leasing decisions generally.[64] Their allegiance is to the public, and they may well decide not to zealously defend a coal-leasing decision that does not square with current policy objectives. Utah may make similar policy decisions or it may not, but its intervention is justified by the mere fact that it may prioritize its interests differently and thus may require a heightened intensity of defense.

A competing presumption applies to CFC's representation. The Tenth Circuit presumes that a government party cannot adequately represent the interests of private parties.[65] Current federal government holds on coal leases and possible future policy changes are facially enough to justify CFC's intervention in defending its existing lease, considering the uncertain future of federal coal leases. The mere possibility that CFC may not get the chance to re-submit its application if the current lease is voided, combined with the presumption that a government party may not adequately represent a private party, is sufficient to overcome any presumption of adequacy based on shared litigation objectives. Federal Defendants do not adequately represent the interests of Intervenor Parties in this action.

As both Intervenor Parties' motions to intervene are granted as of right, there is no need to address permissive intervention pursuant to Rule 24(b).

**Procedural Limitations on Intervention**

Plaintiffs request that Intervenor Parties' participation be limited for the sake of efficiency. They advocate imposing requirements to coordinate on motions and briefing, to file joint filings, and to limit uncoordinated filings to 10 pages.[66] CFC opposes joint filings and page

---

[64] Plaintiffs' Motion to Stay Briefing and Consideration of the State of Utah's Motion to Intervene at 2, docket no. 32, filed March 7, 2016; CFC Reply at 9.

[65] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d at 1255-56.

[66] Opposition at 15.

11

limitations and suggests a time-limit for responsive filings.[67] Utah makes no comment on intervention limitations. The Intervenor Parties shall coordinate with each other and Federal Defendants before making any filings in this case.[68] No other limitations are imposed.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that both Intervenor Parties' Motions to Intervene are GRANTED,[69] subject to the procedural limitations described above.

Dated August 3, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[67] CFC Reply at 4.

[68] Wildearth Guardians v. Salazar, 272 F.R.D. 4, 13 (D.D.C. 2010) ("Even where intervention is a matter of right, district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action.").

[69] Utah Motion to Intervene, docket no. 20 and CFC Motion to Intervene, docket no. 34.