IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS and GRAND CANYON TRUST,<br><br>                Plaintiff,<br>v.<br><br>S.M.R. JEWELL, ET AL.,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [58] MOTION TO AMEND COMPLAINT**<br><br>Case No. 2:16-cv-00168-DN<br><br>District Judge David Nuffer |

Plaintiffs, WildEarth Guardians and Grand Canyon Trust, move to amend the complaint.[1] Defendants, Sally Jewell in her official capacity, United States Bureau of Land Management (BLM), and United States Forest Service (Service), (collectively "the government") oppose the motion[2] on the ground that the proposed amendments would be futile.[3] Plaintiffs reply in support of their motion.[4]

The Motion is DENIED IN PART and GRANTED IN PART because judicial review of an agency's decision to not supplement an environmental impact study is not permitted under § 706(1) of the Administrative Procedure Act, but courts may nonetheless order agencies to do a supplemental environmental impact study.

**BACKGROUND**

Plaintiffs' claims all relate to a coal-mining lease in Flat Canyon. As currently pleaded, plaintiffs allege that "in issuing the Flat Canyon Lease, Federal Defendants relied on a nearly 15

---

[1] Plaintiffs' Motion to Amend Complaint (Motion), docket no. 58, filed June 24, 2016.

[2] Opposition to Motion for Leave to Amend the Complaint (Opposition), docket no. 62, filed July 21, 2016.

[3] *Id.* at 1–2.

[4] Plaintiffs' Reply in Support of Their Motion to Amend Complaint (Reply), docket no. 64, filed August 8, 2016.

year old environmental analysis and completely overlooked a number of potentially significant environmental impacts, including new information, that should have been considered in their decision as to whether issuance of the lease was in the public interest."[5] The government argues that the involved agencies "re-examined [the old environmental analysis] and considered its adequacy to support a lease sale."[6] In the end, the agencies "concluded that supplementation of the [earlier environmental analysis] was not required to hold a lease sale or issue a lease."[7] The Service memorialized its decision in a Supplemental Information Report (SIR).[8] And the BLM memorialized its decision in a Determination of NEPA Adequacy (DNA).[9]

Besides a few grammatical changes, plaintiffs' amendments to the Complaint mostly seek to change the third cause of action. As currently pleaded, the third cause of action only alleges that the government's issuance of the Flat Canyon lease was arbitrary, capricious, and an abuse of discretion; all properly considered under the APA's § 706(2) judicial review provision. The amendment seeks to "clarify[y] that [the third cause of action] is also brought under 5 U.S.C. § 706(1), which authorizes courts to 'compel agency action unlawfully withheld.'"[10] Plaintiffs also seek a complementary addition to the prayer for relief: "Order Federal Defendants to prepare a Supplemental Environmental Impact Statement pursuant to NEPA."[11]

The government resists these amendments first because Supreme Court precedent requires courts to consider an agency's decision to supplement an environmental analysis only

---

[5] First Amended Petition for Review of Agency Action (Complaint) ¶ 4, docket no. 13-1, filed November 30, 2015.

[6] Opposition at 4.

[7] *Id.*

[8] Complaint ¶¶ 38–39.

[9] *Id.* ¶ 40.

[10] Motion at 2.

[11] Second Amended Complaint (Redline) (Second Amended Complaint) at 37, docket no. 58-2, filed June 24, 2016.

under the 706(2) arbitrary and capricious standard.[12] And second, the amendments are resisted because the record clearly indicates that the agencies "did in fact assess whether supplementation is required," thus rendering moot § 706(1) review.[13]

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court enumerated several reasons why a motion to amend a pleading should be denied: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of amendment."[14]

The government focusses only on the fifth reason, the alleged futility of plaintiffs' amendment. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[15]

**The agencies' decisions to not supplement the environmental impact statement will only be reviewed under § 706(2).**

5 U.S.C. § 706 in relevant part states:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
**(1)** compel agency action unlawfully withheld or unreasonably delayed; and
**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--

---

[12] Opposition at 5–6.

[13] *Id.* at 6.

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

>**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

In *Marsh v. Oregon Natural Resources Council*[16] the Supreme Court considered the appropriate standard for review:

> Petitioners argue that the reviewing court need only decide whether the agency decision was "arbitrary and capricious," whereas respondents argue that the reviewing court must make its own determination of reasonableness to ascertain whether the agency action complied with the law. In determining the proper standard of review, we look to § 10(e) of the Administrative Procedure Act (APA), 5 U.S.C. § 706, which empowers federal courts to "hold unlawful and set aside agency action, findings, and conclusions" if they fail to conform with any of six specified standards.[17]

The Court decided that "review of the narrow question [of whether an agency's] determination that [an environmental impact statement] need not be supplemented should be set aside is controlled by the 'arbitrary and capricious' standard of § 706(2)(A)."[18]

The government persuasively argues that *Marsh* precludes judicial review of an agency's decision to not supplement an EIS under § 706(1). Indeed, Tenth Circuit case law states it more forcefully than *Marsh*: "[D]ecisions not to supplement an EIS or EA will *only* be reversed if the agency decision is found to have been arbitrary and capricious."[19]

Plaintiffs counter that *Marsh* never decided whether sections 706(1) and 706(2) are mutually exclusive when reviewing an agency's decision not to supplement an EIS. But *Marsh* in effect did reach that question. Respondents in *Marsh* specifically argued "that the reviewing court must make its own determination of reasonableness to ascertain whether the agency action

---

[16] 490 U.S. 360 (1989).

[17] *Id.* at 375.

[18] *Id.* at 376.

[19] *Friends of the Bow v. Thompson*, 124 F.3d 1210, 1218 (10th Cir. 1997) (emphasis added).

complied with the law."[20] This is the heart of § 706(1) judicial review. Again, the Court in *Marsh* rejected that type of review of an agency's decision not to supplement an EIS, opting instead for a § 706(2) arbitrary and capricious standard.

The district court in *Oregon Natural Resources Council Action v. U.S. Forest Service*,[21] contrasts § 706(1) and § 706(2) analyses:

> An agency's failure to prepare an SEIS is reviewed under § 706(1) of the APA, which requires the court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To prevail, plaintiffs must show that defendants have refused to prepare an SEIS despite a clear legal duty to do so. . . . An SEIS is required if "[t]he agency makes substantial changes in the proposed action that are relevant to environmental concerns" or "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9(c). A decision not to prepare an SEIS is entitled to deference and cannot be set aside unless it was arbitrary and capricious.[22]

In this case, the BLM and the Service decided not to prepare an SEIS. The Service decided this in a Supplemental Information Report (SIR).[23] And the BLM decided this in a Determination of NEPA Adequacy (DNA).[24] Therefore, those decisions will only be reviewed under § 706(2). The plaintiffs will not be able to amend their complaint to include § 706(1) review of the decision not to supplement the EIS.

---

[20] Second Amended Complaint at 37.

[21] 59 F. Supp. 2d 1085 (W.D. Wash. 1999).

[22] *Id.* at 1095 (some internal citations omitted); *accord Native Songbird Care and Conservation v. LaHood*, no. 13-cv-02265-JST, 2013 WL 3355657, at *4–*7 (N.D. Cal. July 2, 2013).

[23] Complaint ¶¶ 38–39.

[24] *Id.* ¶ 40.

**Plaintiffs' may amend their prayer for relief to include a request that the government prepare an SEIS.**

Plaintiffs argue that even without § 706(1), their amendment to the prayer for relief is appropriate.[25] Specifically, they amend the prayer for relief to include the following additional relief: "Order Federal Defendants to prepare a Supplemental Environmental Impact Statement pursuant to NEPA."[26]

"An order requiring the preparation of a [sic] SEIS, of course, may always be appropriate to vindicate the purposes of NEPA,"[27] taking into account "traditional principles of equity."[28]

Therefore, plaintiffs may so amend the prayer for relief.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend Complaint[29] is GRANTED IN PART and DENIED IN PART. Plaintiffs may amend their complaint to include the prayer for relief asking the court to "Order Federal Defendants to prepare a Supplemental Environmental Impact Statement pursuant to NEPA" and any corrections to grammar. Plaintiffs may not amend the Third Claim for Relief to include 5 U.S.C. § 706(1) as a basis for judicial review.

Signed February 13, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[25] Reply at 4.

[26] Second Amended Complaint at 37.

[27] *State of Wisconsin v. Weinberger*, 745 F.2d 412, 428 (7th Cir. 1984).

[28] *Sierra Club v. Hodel*, 848 F.2d 1068, 1097 (10th Cir. 1988).

[29] Docket no. 58, filed June 24, 2016.