IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILDEARTH GUARDIANS, and GRAND CANYON TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, ET AL., <br><br> Defendant. <br><br> and <br><br> STATE OF UTAH, and CANYON FUEL COMPANY, LLC, <br><br> Defendant-Intervenors. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF ADMINISTRATIVE RECORD RULING** <br><br><br> Case No. 2:16-cv-00168-DN <br><br> District Judge David Nuffer |

This case involves challenges to Defendants' approval and issuance of a coal lease on public lands that are part of the Manti-La Sal National Forest ("Flat Canyon Lease").[1] Defendants compiled an administrative record ("AR"), which Plaintiffs sought to have supplemented ("Motion to Supplement").[2] The Motion to Supplement was granted in part and denied in part ("Supplementation Order").[3] Among other things, the Supplementation Order required the AR to be supplemented with the Bureau of Land Management's ("BLM") fair

---

[1] Second Amended Complaint ¶¶ 2-3 at 2, docket no. 83, filed Feb. 24, 2017.

[2] Plaintiffs' Motion to Add Documents to the Administrative Record and Authorize Limited Discovery ("Motion to Supplement"), docket no. 70, filed Sept. 29, 2016.

[3] Memorandum Decision and Order Granting in Part and Denying in Part Motion to Expand Record and Conduct Limited Discovery ("Supplementation Order"), docket no. 97, filed July 8, 2019.

market value ("FMV") analysis for the Flat Canyon Lease.[4] Defendants now seek reconsideration of the Supplementation Order regarding the BLM's FMV analysis ("Motion for Reconsideration").[5] Because Defendants fail to demonstrate that reconsideration of the Supplementation Order is appropriate, Defendants' Motion for Reconsideration[6] is DENIED.

## DISCUSSION

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8] However, motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[9] A motion for reconsideration may not be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[10]

Defendants argue that reconsideration of the Supplementation Order is necessary under only the third ground: the need to correct clear error or prevent manifest injustice.[11] However, Defendants fail to demonstrate that reconsideration of the Supplementation Order is appropriate.

---

[4] *Id*. at 5-6.

[5] Federal Defendants' Motion for Reconsideration of Administrative Record Ruling ("Motion for Reconsideration"), docket no. 103, filed Aug. 19, 2019.

[6] *Id*.

[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] Motion for Reconsideration at 2, 7-9.

Defendants first argue that supplementation of the AR with the BLM's FMV analysis is improper because the FMV analysis is not relevant to Plaintiffs' claims this case.[12] But an administrative record is not limited to those documents that are relevant to a plaintiff's claims. Rather, "[t]he complete administrative record consists of all documents and materials directly or indirectly considered by the agency" in making the challenged decision.[13] Therefore, Defendants' first argument lacks merit.

Defendants' next argue that supplementation of the AR with the BLM's FMV analysis is improper because the FMV analysis post-dates the challenged agency decision and was not considered in making the decision.[14] This argument is a repackaging of Defendants' prior argument in response to Plaintiffs' Motion to Supplement.[15] Therefore, the argument is improperly raised in a motion for reconsideration.[16] Regardless, the Supplementation Order adequately addressed and rejected the argument.[17]

Defendants' third argument is that supplementation of the AR with the BLM's FMV analysis is improper because the FMV analysis is highly confidential and its disclosure could impair the government's ability to protect the public interest in the lease sale process.[18] Defendants' concern regarding the FMV analysis's confidentiality was addressed in the Supplementation Order.[19] The Supplementation Order provided that Defendants "may cause [the

---

[12] Motion for Reconsideration at 8; Federal Defendants' Reply Brief in Support of Their Corrected Motion for Reconsideration of Administrative Record Ruling ("Reply") at 2-4, docket no. 109, filed Sept. 25, 2019.

[13] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739-740 (10th Cir. 1993).

[14] Motion for Reconsideration at 8-9; Reply at 2, 4-7.

[15] Federal Defendants' Opposition to Plaintiffs' Motion to Add Documents to the Administrative Record and to Authorize Limited Discovery at 9-10, docket no. 77, filed Nov. 8, 2016.

[16] *Servants of Paraclete*, 204 F.3d at 1012.

[17] Supplementation Order at 5-6.

[18] Motion for Reconsideration at 6; Reply at 3, 7.

[19] Supplementation Order at 6 n.34.

FMV analysis] to be disclosed subject to the Standard Protective Order set forth in DUCivR 26-2(a)."[20] Defendants fail to demonstrate that the Standard Protective Order would not sufficiently protect the FMV analysis. Therefore, Defendants' argument regarding the FMV analysis's confidentiality lacks merit.

Defendants final argument is that because Plaintiffs' fourth cause of action fails to state a claim, Plaintiffs have no basis to seek supplementation of the AR with the BLM's FMV analysis.[21] Defendants argue that before supplementing the AR with the FMV analysis, Defendants should be permitted to file a motion for partial judgment on the pleadings regarding Plaintiffs' fourth cause of action.[22] This argument fails for two separate reasons.

First, the AR is not limited to those documents that are relevant to Plaintiffs' claims. "The complete administrative record consists of all documents and materials directly or indirectly considered by the agency" in making the challenged decision.[23] The Supplementation Order determined that "the evidence is clear that the BLM did consider [the FMV] analysis, directly or indirectly, in making its decision to lease the Flat Canyon [Lease]."[24] Reconsideration of this determination is not warranted.

And second, the local rules prohibit motions for judgment on the pleadings in this case.[25] The local rules do permit motions to dismiss for failure to state a claim.[26] But the time to file

---

[20] *Id*.

[21] Motion for Reconsideration at 4 n.1; Reply at 8.

[22] Reply at 8.

[23] *Bar MK Ranches*, 994 F.2d at 739-740.

[24] Supplementation Order at 6.

[25] DUCivR 7-4(a)(1)(B).

[26] *Id*. at 7-4(a)(2)(A).

such a motion was when Defendants responded to Plaintiffs' second amended complaint.[27] Defendants did not seek dismissal of Plaintiffs' fourth cause of action at that time,[28] nor have Defendants filed a motion to dismiss in the over three and a half years since responding to the second amended complaint. Delaying completion of the AR and this litigation further to permit Defendants to now file a motion to dismiss is not warranted.

Therefore, because Defendants fail to demonstrate that reconsideration of the Supplementation Order is appropriate, Defendants' Motion for Reconsideration[29] is DENIED.[30]

## ORDER

IT IS HEREBY ORDERED that the Defendants' Motion for Reconsideration[31] is DENIED.

Signed December 21, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[27] *Id*.

[28] Federal Defendants' Response to Second Amended Complaint, docket no. 84, filed Mar. 9, 2017.

[29] Docket no. 103, filed Aug. 19, 2019.

[30] Defendants should more carefully review their position before filing a motion with so little merit. The court is ready to reconsider when warranted and appreciates the chance to correct error, but repetition of positions is wasteful for the parties and the court.

[31] Docket no. 103, filed Aug. 19, 2019.