**REDACTED VERSION OF [142] SEALED MEMORANDUM DECISION**

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WILDEARTH GUARDIANS and GRAND CANYON TRUST, <br><br>Plaintiffs, <br><br>v. <br><br>DEBRA HAALAND, in her official capacity as Secretary of the Interior, *et al.*, <br><br>Federal Defendants, <br><br>and <br><br>STATE OF UTAH, CANYON FUEL COMPANY, LLC, <br><br>Defendant-Intervenors. | **SEALED MEMORANDUM DECISION AND ORDER TO SEAL A PORTION OF PLAINTIFFS' OPENING BRIEF** <br><br>**FILED UNDER SEAL** <br><br>Case No. 2:16-cv-00168-DN <br><br>District Judge David Nuffer |

In compliance with the Stipulated Protective Order[1] entered on February 9, 2021, Plaintiffs filed Plaintiffs' Motion for Leave to File Their Opening Brief Under Seal.[2] As the party designating portions of Plaintiffs' Opening Brief as confidential,[3] Federal Defendants, after receiving a deadline extension,[4] filed their Motion to Seal Plaintiffs' Opening Brief ("Motion").[5]

---

[1] Docket no. 122, filed Feb. 9, 2021.

[2] Docket no. 128, filed Apr. 2, 2021.

[3] Plaintiffs' request that Federal Defendants add the BLM's fair market value analysis ("FMV Analysis") for the Flat Canyon Tract coal reserves to the administrative record was granted (Memorandum Decision and Order Granting in Part and Denying in Part Motion to Expand Record and Conduct Limited Discovery, docket no. 97, entered Jul. 8, 2019). Federal Defendants argued the FMV Analysis is highly confidential and their request to lodge the FMV analysis under seal subject to the Stipulated Protective Order (docket no. 122, filed Feb. 9, 2021) was granted, and Federal Defendants were ordered to comply with DUCivR 5-3 if they found it necessary to seal any documents during briefing. *See* Order Granting Unopposed Motion to Amend Scheduling Order, docket no. 120, filed Jan. 22, 2021.

[4] Order Granting [131] Motion for Extension of Time to File Federal Defendant's Motion to Seal Plaintiff's Opening Brief, docket no. 132, filed Apr. 9, 2021.

[5] Docket no. 133, filed Apr. 19, 2021 ("Motion").

Plaintiffs were then ordered to file any response to the Motion by April 30, 2021.[6] Plaintiffs timely filed their response[7] objecting to the Motion ("Response"), and Federal Defendants timely filed a reply ("Reply").[8] Federal Defendants also filed a motion requesting leave to file under seal all briefing for the Motion ("Motion to Seal Briefing").[9]

Based on careful review of the parties' memoranda, exhibits, and the portion of Plaintiffs' Opening Brief Federal Defendants wish to seal, the Motion is GRANTED in part and the Motion to Seal Briefing is GRANTED in full.

---

[6] Docket no. 134, entered Apr. 19, 2021.

[7] Plaintiffs' Response to Federal Defendants' Motion to Seal Plaintiffs' Opening Brief ("Response"), docket no. 135, filed Apr. 29, 2021.

[8] Reply in Support of Motion for Leave to File under Seal ("Reply"), docket no. 136, filed May 13, 2021.

[9] Motion for Leave to File Under Seal Plaintiff's Opposition to Motion to Seal and Federal Defendants' Reply in Support of Motion to Seal ("Motion to Seal Briefing"), docket no. 137, filed May 13, 2021.

Table of Contents

DISCUSSION ........................................................................................................................ 3
ANALYSIS ............................................................................................................................ 5
    The First Paragraph contains some sensitive information that must be either sealed or altered. ........................................................................................................ 6
    The Second Paragraph contains some sensitive quantitative and qualitative information that must be either sealed or removed. .............................................. 7
CONCLUSION ..................................................................................................................... 9
ORDER ................................................................................................................................ 10

## DISCUSSION

Federal Defendants request the sealing of two paragraphs ("First Paragraph, Second Paragraph")[10] from Plaintiffs' Opening Brief which contain statements regarding a fair market value analysis ("FMV Analysis") prepared by the Bureau of Land Management ("BLM") for the coal mine lease at issue in this action. Federal Defendants argue the paragraphs contain sensitive information which, if disclosed, would harm their commercial interests. Specifically, Federal Defendants assert that public disclosure of the BLM's FMV analysis would undermine the competitive nature of the public bidding process used for leasing public lands for coal mining[11] because "[t]he Secretary may not accept a bid 'which is less than the fair market value" of the coal'"[12] and the "numerical FMV estimate is frequently the only competition against which a company must bid to acquire a lease tract."[13] "Were such a potential bidder able to replicate BLM's qualitative and quantitative methodology for estimating the numerical FMV, that bidder

---

[10] Plaintiffs' Opening Brief Filed Under Seal, docket no. 129, filed Apr. 2, 2021. The First Paragraph begins on line 7 of page 31 and ends on line 3 of page 32 and includes footnotes 156 and 158, as highlighted. The Second Paragraph begins on line 4 of page 32 and ends on line 2 of page 33 and includes footnote 160 and most of footnote 162, as highlighted.

[11] Motion at 2–3.

[12] *Id.* at 2.

[13] *Id.* at 7.

could submit a bid at or near BLM's FMV estimate, creating an unfair or 'gamed' bidding process and suppressing the value of bids for pending sales."[14]

Federal Defendants further argue that the two paragraphs "constitut[e] less than five percent of the whole [Opening Brief];"[15] that BLM maintains the confidentiality of its FMV analysis by keeping it in a secure location and limiting access; and that the FMV analysis itself has already been lodged under seal in this action.[16] Federal Defendants assert that disclosure of the two paragraphs would harm the public's interests "by undermining the competitive nature of the process."[17] Federal Defendants also assert that Plaintiffs' "characteriz[ation] of their use of the FMV Analysis as not challenging the methods used in the FMV analysis or its results" is "immaterial to whether that information should remain under seal and does not lessen the damage to BLM or the public from that information's disclosure."[18]

Plaintiffs argue the two paragraphs should not be sealed because they do not contain sensitive information and only provide "general observations in the FMV analysis about the energy market, and [] coal-market data that, save for one potential exception, the government has already made public."[19] Plaintiffs further argue that "sealing the information would disserve the

---

[14] *Id.*

[15] *Id.* at 6.

[16] *Id.* at 9–11.

[17] Motion at 2 and 6.

[18] Reply at 3.

[19] Response at 1.

public's judicial-access interest" and would "forbid Plaintiffs' lawyers from disclosing to their own clients, let alone the public, one of the arguments made to advance [their] claims."[20]

## ANALYSIS

There is a "strong presumption in favor of public access" which "can be overcome where countervailing interests heavily outweigh the public interests in access."[21] "The party seeking to seal the records "bears the burden of justifying that secrecy" and must "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access."[22]

When deciding whether to seal documents, "the relevant facts and circumstances of the particular case and weight of the relative interests of the parties" must be considered.[23]

In *Natural Resources Defense Council, Inc. v. U.S. Dept. of Interior*, cited by Federal Defendants, the district court found that certain quantitative data, namely the Government's pricing model and its fair market value estimates, was privileged.[24] The court also found certain qualitative information to be privileged when the "qualitative and quantitative data [were] inextricably intertwined."[25] The court also noted that while "courts have sometimes required the Government to disclose single factors relevant to multi-factor analyses . . . the Court has not found[] authority that would require the Government to disclose *every* factor it considers *and* its method for evaluating those factors."[26]

---

[20] Response at 1.

[21] *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020).

[22] *Id.*

[23] *Id.* at 1294.

[24] 73 F. Supp. 3d 350, 354 (S.D.N.Y. 2014).

[25] *Id.* at 357.

[26] *Id.* at 356 (emphasis in original).

### The First Paragraph contains some sensitive information that must be either sealed or altered.

The First Paragraph contains high-level, general analysis by the BLM from 2015, stating that Utah's coal market is subject to the basic principles of supply and demand, that declining demand for coal contributed to declining coal prices, and that the FMV Analysis confirmed the idea that lower natural gas prices contribute to declining domestic coal production. These general statements regarding the 2015 coal market situation in Utah and the statements about correlation between pricing of different energy products are not privileged. This information is five years old, publicly available, does not provide any quantitative data, and does not provide any qualitative information that is "inextricably intertwined"[27] with any quantitative data. However, the following highlighted statements and footnote 156 are privileged:

> Although the FMV analysis did not examine how withholding Flat Canyon coal from the market would affect the price of coal and demand for it, 

The highlighted portions provide a direct quote from the FMV Analysis, discloses what appears to be the key determining factor in the FMV Analysis, and provides reasoning for the

---

[27] *Id.* at 357.

analysis. This disclosure would harm the BLM's interest in keeping its process confidential. In weighing the interests of the public, the public does not need to know what BLM considers a key determining factor in its FMV analysis and calculation and the reasoning supporting that analysis. This is the kind of non-public, qualitative information that would undermine the competitive bidding process. Plaintiffs' inclusion of the two paragraphs is intended to show that "an assertion the defendant agencies made to the public in their environmental analysis is at odds with how BLM privately evaluated the coal market in the FMV analysis."[28] The level of detail in the highlighted portions is not necessary to make this point. Simply asserting that the FMV Analysis considered a change in supply and demand to be an important factor affecting price changes should be sufficient.

Therefore, if Plaintiffs want more of the First Paragraph to be public, they may remove the portions highlighted above and may only assert that the change in supply and demand was considered an important factor affecting price changes.

### The Second Paragraph contains some sensitive quantitative and qualitative information that must be either sealed or removed.

In the Second Paragraph, Plaintiffs make specific statements, highlighted here, containing quantitative data provided from the FMV Analysis:

[redacted]

---

[28] Response at 2–3.

████████████████████████████████████████████████████████████████
████████████████████████████████

These statements provide quantitative, specific results of BLM calculations. Plaintiffs' contention that such data may be reproduced based on publicly available information[29] does not change the fact that BLM's results from the analysis are provided, and any competitive bidder could reproduce the results and learn how BLM calculates such figures. Additionally, removing this language only minimally affects Plaintiffs' concluding statement, which maintains its coherence and will still effectively provide the public with sufficient information regarding this "quarrel over the legal sufficiency of the agencies' public-facing environmental analysis."[30] All of footnote 160 is also privileged, as it provides clear quantitative data from the FMV Analysis.

Additionally, the Second Paragraph contains a direct reference to, and provides the findings of, the FMV Analysis and is privileged:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

Plaintiffs argue that the looming ████████████████████ was publicly available information and have provided news articles supporting their assertion.[31] Therefore, if Plaintiffs want the statement regarding the ████████████████████ to be unredacted,

---

[29] Response at 5.

[30] Response at 3.

[31] Response at 5.

they need to remove the attribution to the FMV Analysis (both in the highlighted text and footnote 159) and instead cite a publicly available source supporting the assertion.

The highlighted portion of footnote 162 is also privileged, because it provides clear statements of BLM's reasoning from the FMV Analysis, which constitutes sensitive qualitative data:

162 *See WildEarth Guardians*, 870 F.3d at 1235.  *See, e.g.,* 80 Fed. Reg. 10,683 (Feb. 27, 2015) (announcing availability of supplement EIS for the Greens Hollow lease on federal public lands) . . .

Therefore, if Plaintiffs want more of the Second Paragraph to be public, they may entirely remove the portions highlighted above and the corresponding footnotes. Removal of the language may require some rewriting of the paragraph.

## CONCLUSION

The First and Second Paragraphs in Plaintiffs' Opening Brief contain both privileged and non-privileged information. The Plaintiffs' may either remove the privileged information so the entirety of the Opening Brief may be public as outlined in this Order, or Plaintiffs' may file a

9

redacted version of an updated sealed Opening Brief in which the privileged information identified here is redacted.

## ORDER

IT IS HEREBY ORDERED that the Motion to Seal Plaintiffs' Opening Brief[32] is GRANTED in part. Federal Defendants' Motion for Leave to File Under Seal Plaintiff's Opposition to Motion to Seal and Federal Defendants' Reply in Support of Motion to Seal[33] is also GRANTED. Plaintiffs' proposed alterations to their sealed order and redacted public opening briefs shall be sent to Defendants by June 7, 2021. If agreement is reached, the sealed and redacted public opening briefs shall be filed forthwith.

IT IS FURTHER ORDERED that on or before June 7, 2021, the parties shall meet, confer, agree on a redacted version of this order, and send the redacted version to dj.nuffer@utd.uscourts.gov.

Signed May 24, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[32] Docket no. 133, filed Apr. 19, 2021.
[33] Docket no. 137, filed May 13, 2021.

United States District Court
for the
District of Utah
May 24, 2021

******MAILING CERTIFICATE OF THE CLERK******

RE: WildEarth Guardians v. Zinke et al
2:16cv168 DN

Neil Levine
PUBLIC JUSTICE
4404 ALCOTT ST
DENVER, CO 80211

Samantha Ruscavage-Barz
WILDEARTH GUARDIANS
301 N GUADALUPE ST STE 201
SANTA FE, NM 87501

Arwyn Carroll
US DEPARTMENT OF JUSTICE (7611)
PO BOX 7611
BEN FRANKLIN STATION
WASHINGTON, DC 20044

Leilani Elizabeth Doktor
US DEPARTMENT OF JUSTICE
150 M ST NE
WASHINGTON, DC 20002

Anthony L. Rampton
UAH ATTORNEY GENERAL'S OFFICE
5110 STATE OFFICE BLDG
PO BOX 142477
SALT LAKE CITY, UT 84111-2477

Alison D. Garner
DORSEY & WHITNEY LLP
111 S MAIN ST 21ST FL
SALT LAKE CITY, UT 84111-2176

Michael Drysdale
DORSEY & WHITNEY LLP
50 S SIXTH ST STE 1500
MINNEAPOLIS, MN 55402

_____

Aimee Trujillo